# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-537-RJC-DCK

| | |
|---|---|
| ROCHELLE RORIE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CHARLOTTE MECKLENBURG | ) |
| HOSPITAL AUTHORITY, d/b/a | ) |
| CAROLINAS HEALTHCARE SYSTEM | ) |
| and JOHN DOE CORPORATION, | ) |
| | ) |
|       Defendants. | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and upon stipulation of the parties, as evidenced by the endorsement of counsel herein, and with the concurrence of the Court,

1. Whereas Plaintiff's Complaint includes, *inter alia*, claims arising under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq*. and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1, *et seq*.

2. Whereas the parties herein represent to the Court that it will be necessary for both parties to utilize documents containing personal, confidential and proprietary information.

3. Whereas the Court concurs that the parties have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that:

4. Defendant may designate as "Confidential" any document or information it produces in this matter which contains information regarding the personnel records of Defendant's employees or sensitive and proprietary information regarding Defendant's internal policies and procedures or business operations.

5. Plaintiff may designate as "Confidential" any document or information it produces in this matter which contains information regarding tax records or other sensitive financial information.

6. Any document or information designated as "Confidential" shall be used by the parties only in connection with the above-captioned action and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein.

7. Any document or information designated as "Confidential" may only be disclosed by either party to:

    a.    the Court, as long as such document or information is filed under seal and the Clerk is hereby directed to accept such documents or information under seal;

    b.    counsel of record in this action and their client(s);

    c.    law clerks, paralegals, legal assistants, stenographic and clerical employees of the parties' counsel who are assisting in the prosecution of this matter and are operating under the direct supervision of counsel; and

    d.    independent and internal experts working on behalf of the parties for the purposes of this litigation.

8. If any "Confidential" document or information is used during a deposition, parties may designate the portion of the transcript (including exhibits) that contains "Confidential"

material by making a statement to such effect on the record in the course of the deposition. The parties also may designate as "Confidential" any portions of the transcript (including exhibits thereto) by written notice to the other party's counsel within ten (10) days following receipt of the transcript of such deposition.

9. Any person to whom either party discloses documents or information pursuant to this Order shall receive or be shown a photocopy of this Order and shall agree to abide by its provisions.

10. Each person examining any information or document designated as "Confidential" and disclosed by either party hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order.

11. No person who examines any document or information designated "Confidential" and disclosed by either party shall disseminate orally, in writing, or by any other means the document or any information contained therein to any other person not also authorized to examine the document or information.

12. All documents and information designated as "Confidential" shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that the document or information designated as "Confidential" shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

13. No later than thirty (30) days after this Court (or a subsequent appellate court, whichever is later) enters a Final Order in this action, each party shall retrieve all copies of materials designated "CONFIDENTIAL" from her or its own files, and from experts or other persons to whom she or it has provided such materials consistent with this Protective Order, and

shall do one of the following: (1) return the materials, including all copies thereof, to the producing party; (2) certify in writing to the producing party that all such material has been destroyed; or (3) certify in writing to the producing party that all such material has been retained only by the attorneys appearing in this action and has been segregated from other information and used for no purposes other than to preserve a record of this litigation.

14. Nothing in this Protective Order shall limit the parties' ability to use or disclose any documents or information in the ordinary course of business. The parties may file under seal any document or information designated as "Confidential."

15. Nothing in this Protective Order shall limit the parties' ability to use any documents or information designated as "Confidential" at trial in this action, and both parties reserve their right to seek further protection from the Court regarding the use of confidential information at trial.

16. Nothing in this Protective Order shall be construed to require any party to notify or to obtain permission from the other party before introducing materials designated as "Confidential" at trial or examining witnesses about materials designated privileged or "Confidential" during depositions at trial, beyond the notice required by the Federal Rules of Civil Procedure, Local Rules or order of the Court.

17. The production of any information subject to this Protective Order shall not constitute a waiver of a party's right to claim in this lawsuit or hereafter that said information is privileged and/or otherwise non-discoverable or inadmissible as evidence in this lawsuit.

18. The Clerk hereby is directed to accept as filed under seal all documents or information designated as "Confidential" and filed as such using the Court's CM/ECF system.

19. Nothing herein shall prejudice Plaintiff's or Defendant's right or ability to petition the Court for additional or different relief.

20. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

Signed: April 26, 2011

David C. Keesler
United States Magistrate Judge

***Consented to***:

s/Kimberly Q. Cacheris
Kimberly Q. Cacheris (N.C. Bar No. 20087)
kcacheris@mcguirewoods.com
Benjamin R. Holland (N.C. Bar No. 28580)
bholland@mcguirewoods.com
MCGUIREWOODS LLP
100 North Tryon Street, Suite 2900
Charlotte, North Carolina 28202
704.373.8956
704.353.8827 (Facsimile)

***Counsel for Defendant***

s/Charles Ali Everage
Charles Ali Everage (N.C. Bar No. 28267)
Everage Law Firm PLLC
1800 Camden Road
Suite 104
Charlotte, North Carolina 28203

***Counsel for Plaintiff***